IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Hadley Hassan,<br><br>   Petitioner,<br><br>v.<br><br>Complex Warden M. Gutierrez,<br><br>   Respondent. | No. CV-23-00510-TUC-JCH (LCK)<br><br>**REPORT AND RECOMMENDATION** |

  Petitioner Steven Hassan, incarcerated at the Marianna Federal Correctional Institution in Marianna, Florida,[1] has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. LRCiv 72.2(a)(2). Before this Court are the Petition (Doc. 1), Respondent's Answer (Doc. 10), and Petitioner's Reply (Doc. 11). The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

  Petitioner is currently serving a 480-month sentence with a life term of supervised release for Production of Child Pornography Transported into the United States. (Doc. 10 at 4.) On November 9, 2023, he filed this Petition alleging that the First Step Act (FSA)

---

[1]  Petitioner properly filed his Petition in this Court because he was housed at USP Tucson at the time he initiated this proceeding.

violates the 5th Amendment Equal Protection Clause and Due Process Clause by excluding inmates convicted of certain crimes from being able to earn time credits.

## EXHAUSTION

Respondent asserts Hassan failed to exhaust his administrative remedies prior to filing the Petition. In response, Hassan contends that exhaustion would have been futile.

Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The administrative exhaustion requirement protects an administrative agency's authority by promoting respect for the agency's procedures and by affording it the opportunity to correct its own mistakes before being hailed into court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The requirement also promotes efficiency by advocating a process that is quicker and more economical than resolution in federal court. *Id.* Finally, should the matter ultimately reach the court, the exhaustion requirement facilitates the "preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, exhaustion of administrative remedies is not a jurisdictional requirement of a § 2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The Court can waive the exhaustion requirement if exhausting administrative remedies would be futile, inadequate, void, or would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Hassan does not contend he properly exhausted his administrative remedies for this claim. Rather, he argues administrative exhaustion would be futile because he is challenging the constitutionality of the FSA, and the Bureau of Prisons (BOP) lacks jurisdiction to review or change the federal statute.

The government contends that futility concerning relief is not a means to bypass the administrative exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). However, there is case law suggesting otherwise. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)

("*Booth* made quite clear that the statutory language does not require exhaustion when *no* pertinent relief can be obtained through the internal process."). The Court does not need to address exhaustion further because it finds it most expeditious to resolve Hassan's claim on the merits.

## MERITS

Hassan alleges that the FSA violates the 5th Amendment Equal Protection Clause and Due Process Clause. The FSA was enacted with the intent of addressing recidivism and reentry of incarcerated individuals. The FSA specifically directs the Attorney General to develop a "risk and needs assessment system" to determine recidivism risk of each inmate and classify them as having "minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a)(1). According to this assessment tool, the BOP is then directed to assign inmates to participate in programs that address their specific criminogenic needs. 18 U.S.C. § 3632(b)(1). To encourage participation in these programs, the FSA also establishes incentives, most notably the ability for inmates to earn "time credits." 18 U.S.C § 3632(d)(4). At issue here is subparagraph D, which lists a number of offenses that render an inmate ineligible from earning time credits. This list explicitly includes the offense of which Hassan was convicted. 18 U.S.C. § 3632(d)(4)(D)(xxxix). Hassan argues that the First Step Act[2] created a liberty interest in the application of FSA time credits for all federal inmates, which it then took away without individual hearings by excluding inmates convicted of certain crimes from eligibility, including himself.

### Equal Protection Clause

Hassan's status as an inmate does not qualify him as a member of a protected or suspect class under the Equal Protection Clause. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (finding inmates are not a suspect classification subject to strict scrutiny). Without status in a suspect class, the challenged provision of the FSA need only be rationally related to a legitimate government interest. *See Schweiker v. Wilson*, 450 U.S.

---

[2] In his Petition, Hassan states that "the First Step Act created a liberty interest," though it would be more appropriate to say it was Congress which created a liberty interest in passing the First Step Act. (Doc. 1).

221, 230 (1981). There is a rational basis for excluding persons convicted of certain, more serious, crimes from being eligible for FSA time credits in furtherance of a number of legitimate government interests, such as "the particular obscenity of the offense, the need to protect society, and the need to deter future criminal conduct." *See United States v. Powell*, No. 11-CR-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) (holding that the FSA did not violate the Equal Protection Clause because there is a "clear rational basis" for treating inmates convicted of the excluded offenses differently); *see also Olmsted v. Doyle*, No. 09-C-0880, 2009 WL 4799573, at *3 (E.D. Wis. Dec. 8, 2009) (holding that a statute excluding inmates convicted of certain crimes from earning time credit does not violate the Equal Protection Clause); *Fett v. Baldwin*, 18-CV-3306, 2019 WL 1440249, at *2 (C.D. Ill. April 1, 2019) (same); *Tyson v. Baldwin*, No. 19-CV-648, 2020 WL 469663, at *2 (S.D. Ill. Jan. 29, 2020) (holding that there is a rational basis for treating certain crimes perceived as more dangerous differently than other crimes). This Court agrees with the findings of many other courts that there is a clear rational basis for excluding inmates convicted of certain crimes from earning time credits. Therefore, the FSA does not violate the Equal Protection Clause.

<u>Due Process Clause</u>

A due process claim requires some recognized liberty or property interest. *See Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). The Supreme Court has found that the *loss* of good conduct time entitles inmates to appropriate due process. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974). However, courts have consistently held that this liberty interest does not extend to the *opportunity to earn* time credits. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Further, courts have applied this rule specifically in the context of FSA time credits. S*ee White v. Warden, Fed. Corr. Inst. – Cumberland*, No. DKC-22-2371, 2023 WL 4867562, at *10 (D. Md. July 31, 2023) (holding that the loss of an opportunity to earn FSA time credits is not sufficient to create a protected liberty interest); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589, 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) ("prisoners have no constitutionally protected liberty interest in an

opportunity to earn additional good time or [FSA] credits") (citing *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982)).

Here, Hassan has not lost any time credits that he already had earned. Rather, he is ineligible to earn them under the FSA. Because there is no protected liberty interest in the opportunity to earn time credits, Hassan's ineligibility to earn time credits under the FSA does not violate the Due Process Clause.

## **RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition because the claim is without merit.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 23-510-TUC-JCH.**

Dated this 7th day of August, 2024.

*Honorable Lynnette C. Kimmins*
United States Magistrate Judge